[S. F. No. 3290.   In Bank.—July 31, 1902.]

## HENRY T. GAGE, Petitioner, v. ALFRED J. FRITZ, Judge of Police Court, etc., Respondent.

PROHIBITION—CRIMINAL LIBEL—VENUE—JURISDICTION—LIBELED PARTY NOT BENEFICIALLY INTERESTED.—A writ of prohibition will not lie at the instance of the libeled party to prevent the prosecution of a criminal libel instituted in the police court of the city and county of San Francisco, upon complaint of a third party, upon the ground that such libeled party had previously instituted a prosecution for the same identical libel before a justice of the peace in the city of Los Angeles, where he resides, which is still pending. Such libeled party is not legally ''a person beneficially interested,'' within the meaning of section 1103 of the Code of Civil Procedure, upon whose application a writ of prohibition may lie.

ID.—COLLUSION.—The question whether the proceeding before the police judge is collusive cannot help the application for the writ of prohibition by the libeled party, but is primarily to be determined by the prosecuting officers and by the magistrate with whom the complaint is lodged.

APPLICATION for writ of prohibition to the Police Court of the City and County of San Francisco. Alfred J. Fritz, Judge.

The facts are stated in the opinion of the court.

A. A. Moore, W. W. Foote, and J. J. Lerman, for Petitioner.

THE COURT.—This is a petition to this court by Henry T. Gage for an original writ of prohibition to restrain Alfred J. Fritz, judge of the police court of the city and county of San Francisco, from proceeding to hear and determine a preliminary examination of John D. Spreckels and W. S. Leake upon a criminal charge of libel of the said Gage, on the complaint of one Boardman. The grounds of the petition are, that a charge of the same identical libel was pending before a justice of the peace in the city of Los Angeles upon a complaint made by said Gage, and that therefore the said police judge of San Francisco has no jurisdiction to entertain and proceed with said preliminary examination; and, also, that the said proceeding before the said police judge is collusive. Waiving the question whether a certain judgment of the superior court of San Francisco, which has been presented to us, denying a similar petition for prohibition, is conclusive on the question, and not determining the question whether the said police judge, Fritz, has any jurisdiction in the premises, still the petition for the writ must be denied, for the reason that said Gage is not legally a person "beneficially interested" within the meaning of section 1103 of the Code of Civil Procedure. Whether the proceeding before the police judge is collusive is a question primarily to be determined by the prosecuting officers, and by the magistrate with whom the complaint is lodged.

The petition for the writ is denied.